## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH
## CIVIL ACTION NO. 5:13-CV-P132-R

**LEONEL MARTINEZ**                                                                             **PLAINTIFF**

v.

**BRUCE VONDEWIGELO et al.**                                             **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff, Leonel Martinez, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and allowed to continue in part.

### I. SUMMARY OF CLAIMS

In his complaint (DN 13),[1] Plaintiff, who is incarcerated at the Kentucky State Penitentiary (KSP), sues in their official capacities the following KSP employees: Corrections Officer Davis; Corrections Officer Howard; Lt. Hawkins; Unit Administrator Bruce Vondewigelo; Warden Randy White; Lt. Morrison, Corrections Officer Corley James[2]; Sgt. Magee; Grievance Coordinator Skyla Grief; and Lt. Hiness. He alleges that, after he filed a lawsuit (not the instant action), discrimination against him became worse. He states that while "chow" is being served officers make racist comments towards him, using vulgar and abusive

---

[1] Plaintiff originally filed this action as a criminal complaint. Because a citizen is not allowed to initiate a criminal action, that criminal complaint was dismissed, but Plaintiff was allowed to submit a civil complaint on a 42 U.S.C. § 1983 form, which he did.

[2] Although Plaintiff spelled this Defendant's name "Corney" in his complaint, he later wrote a letter explaining that the correct spelling was "Corley." *See* DN 19.

language. He alleges that he has been told by officers that Defendant Vondewigelo has given orders to harass Plaintiff and make his life difficult. He states that the "officers and administration placed me on feed on paper status. The mailroom has received several pieces of mail pursuant to hispanic diaglogue. Skyla Grief grievance coordinator has rejected multiple grievances . . . " He also states that on November 3, 2013, "everyone received their trays approximately 3:30 p.m. I however did not receive mine until 5:05 p.m." Plaintiff further states that he is denied access to religious materials in Spanish. As relief, Plaintiff asks for monetary and injunctive relief.

Since filing his complaint, Plaintiff has filed additional letters/documents (DNs 15, 17-23).[3] DN 17 states that he is still being discriminated against based on his race and as retaliation, in particular by his mail not being picked up and rejecting his mail written in Spanish. Specifically, he states that his mail was being delayed because it was sent to Western Kentucky Correctional Complex to be translated, but Plaintiff alleges that this is obvious retaliation against him because KSP has procedures to translate and that KSP translated his mail without problem until March 2013 when he filed a civil suit. He further alleges that on November 7, 2013, he was forced to endure "excruciating pain" after the dentist pulled his back molar and he was not given anything for pain afterwards. He attaches a grievance related to this incident. He states after that his tooth was pulled, Plaintiff "was told by Dawn McKinnly that she was going to order some pills for the pain. But they were not. I feel dental assistant Dawn McKinnly was unprofessional and opted to use discriminatory treatment based on my race. Nothing was given

---

[3] DN 15 states that he has complied with the Court's Order. DN 19 just changes the spelling of the name of a Defendant.

for pain subjecting me to cruel and unusual punishment and blood loss." In a grievance form to the Kentucky Board of Medical Licensure, which is also attached, Plaintiff stated, "Dental opted unusual pushiment in retaliation a law suit I filed against medical." The Court interprets DN 17, as the first amendment to the complaint. *See* Fed. R. Civ. P. 15(a)(1)(A) ("A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.").

The remaining apparent amendments to the complaint are not automatic. Under the Federal Rules of Civil Procedure, a district court should freely grant a plaintiff leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). "A district court may deny a plaintiff leave to amend his or her complaint, however, when the proposed amendment would be futile." *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006). In the letter at DN 18, Plaintiff asserts that Lt. Hawkins and Officer Smith refused to give him medical treatment on January 8, 2014, when he had high blood pressure.

In DN 20, Plaintiff attaches a copy of a grievance which was rejected by KSP as not in the proper form. DN 21 is a letter making general accusations that no investigation is being done as to why so many inmates have committed suicide or attempted to since Warden White took over. Attached to DN 22 is a March 14, 2014, grievance restriction placed on Plaintiff per CPP 14.6 for "filing numerous frivolous grievances." According to the policy, Plaintiff is now allowed to file no more than one grievance every 10 days. DN 23 is a copy of yet another grievance, which was rejected by KSP.

The Court **DENIES** Plaintiff's motion to amend the complaint as to each of these letters

as futile. As will be explained below, there is no right to a grievance procedure. Amendment to allow Plaintiff to raise a claim about other inmates' suicides would be futile as Plaintiff has no standing to bring claims not personal to him. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Coal Operators & Assoc., Inc. v. Babbitt*, 291 F.3d 912, 915-16 (6th Cir. 2002). Finally, refusal of treatment on one day for high blood pressure does not rise to an Eighth Amendment violation where Plaintiff alleges no injury. *See Dean v. Conley*, 20 F. App'x 294, 295 (6th Cir. 2001) (four-day delay in processing of inmate's request for prescription medication was de minimis deprivation with little or no adverse medical consequences, and thus was insufficient to support inmate's Eighth Amendment claim).

## II. <u>ANALYSIS</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam),

4

to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Racist and abusive comments*

Verbal abuse, harassment, and threats are insufficient to state a constitutional violation under § 1983. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *see also Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at *2 (6th Cir. Dec. 13, 1996) ("Verbal harassment or idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."); *Searcy v. Gardner*, Civil No. 3:07-0361, 2008 WL 400424, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials."); *McGowan v. Cantrell*, No. 1:05-cv-334, 2007 WL 2509704, at *16 (E.D. Tenn. Aug. 30, 2007) ("While defendants' alleged conduct is despicable and to be condemned, it does not violate the Constitution because neither verbal harassment nor threats constitute punishment within the context of the Eighth Amendment."). Thus, Plaintiff's claims that he was subjected to racist, vulgar, and abusive comments will be dismissed for failure to state a claim.

*Late delivery of one meal*

The Eighth Amendment protects prisoners by requiring that prison officials "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). An Eighth Amendment claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). A prison's conditions of confinement are sufficiently grave if they fall beneath "the minimal civilized measure of life's

5

necessities" as measured by a "contemporary standard of decency." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Isolated deprivations of meals to prisoners do not rise to the level of an Eighth Amendment violation where the daily meal or meals provided are sufficient to maintain normal health. *See Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (per curiam) (holding that one meal per day, over fifteen days, that provided sufficient nutrition to sustain normal health did not violate the Eighth Amendment); *Waring v. Meachum*, 175 F. Supp. 2d 230, 240-41 (D. Conn. 2001) (finding no Eighth Amendment claim where inmate missed two meals and there was no indication that future meals were missed); *Cagle v. Perry*, No. 9:04-CV-1151, 2007 WL 3124806, at *14 (N.D.N.Y. Oct. 24, 2007) (finding deprivation of two meals is "not sufficiently numerous, prolonged or severe to rise to the level of an Eighth Amendment violation"). Here, Plaintiff has alleged only that one meal was delivered to him later than other inmates. Plaintiff has failed to state a claim under the Eighth Amendment regarding this occurrence.

*Delay of Plaintiff's mail*

Plaintiff alleges that on January 3, 2014, Defendant Corley James refused to pick up his outgoing mail. Plaintiff states that when he asked why, Defendant James responded, "'F*** your mail.'" Plaintiff further alleges that KSP has rejected his mail written in Spanish and has been holding his mail. He attaches a grievance he filed about not receiving two letters postmarked November 15, 2013, until December 16. The informal resolution stage response was that the reason for the delay was that his mail was being sent to another prison to be translated. Plaintiff alleges that "this is obvious retaliation" because KSP had translated his mail "without problem until March 2013 when I filed suit for job discrimination." In another grievance,

6

Plaintiff stated that on November 27, 2013, Officer Smith refused to take Plaintiff's mail "on this occasion and others as well." Plaintiff stated in that grievance that he reported the incident to Lt. Lewis, "who laughed and blew it off."

To the extent Plaintiff alleges a retaliation claim with respect to his mail, the claim fails. *Nelson v. Heffelbower*, No. 97-2294, 1999 WL 98391, at *1 (6th Cir. Jan. 29, 1999) (plaintiff failed to state a retaliation claim regarding delay in receiving mail because he did not allege any adverse action by the defendants which caused him any injury that would chill people of ordinary firmness from engaging in First Amendment activity).

Random and isolated incidents regarding prisoner mail do not rise to the level of a constitutional violation. *See, e.g.*, *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) ("Such a random and isolated incident [of mail interference] is insufficient to establish a constitutional violation."). "[A]bsent claims of intentional delay, mere delay in delivery of prisoner mail is not unreasonable and thus fails to raise a constitutional question." *Yeoman v. Thompson*, No. 94-1392, 1994 WL 683956, at *1 (6th Cir. Dec. 6, 1994).

Here, Plaintiff has alleged that the delay in his mail is intentional and has occurred on several occasions. **Therefore, the Court will allow that constitutional claim to go forward against Defendant Corley and Officer Smith and Lt. Lewis.** The Clerk of Court is **DIRECTED** to add Officer Smith and Lt. Lewis as Defendants to this action.

*Religious materials in Spanish*

The First Amendment to the United States Constitution states, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I. Inmates retain the First Amendment right to exercise their religion subject to

7

reasonable restrictions and limitations. *See Bell v. Wolfish*, 441 U.S. 520, 549-51, 99 (1979). To be protected by the Constitution, the particular religious ritual must be central or indispensable to the inmate's religious observances and must be a conviction shared by an organized group as opposed to a personal preference. *Sequoyah v. Tenn. Valley Auth.*, 620 F.2d 1159, 1164 (6th Cir. 1980). If the tenet is not fundamental to the religious belief, dismissal of a First Amendment claim is appropriate. *See Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995).

Plaintiff does not allege that he has been denied materials which are a central tenet of his religion. Furthermore, even if he had, the inquiry does not end there. The Court also must determine whether a substantial burden has been placed on that belief. The Sixth Circuit has stated that a "substantial burden" places "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Living Water Church of God v. Charter Twp. Meridian*, Nos. 05-2309 and 06-1210, 258 F. App'x 729, 734 (6th Cir. 2007). Based on the *pro se* filings in this Court and numerous grievances filed by Plaintiff, he appears to be able to read and write English, and Plaintiff does not allege that he is denied religious materials written in English. This claim will be dismissed.

*Rejection of grievances*

There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x

839, 841 (6th Cir. 2003); *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983.") (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care.").

Therefore, the Court will dismiss the claims of denied/rejected grievances for failure to state a claim upon which relief can be granted.

*Claim related to tooth extraction*

On November 7, 2013, Plaintiff states that he was forced to endure "excruciating pain" after his tooth was pulled. In a grievance, Plaintiff stated that after his tooth was pulled by "the dentist" Plaintiff "was told by Dawn McKinnly that she was going to order some pills for the pain. But they were not. I feel dental assistant Dawn McKinnly was unprofessional and opted to use discriminatory treatment based on my race. Nothing was given for pain subjecting me to cruel and unusual punishment and blood loss." In a grievance form to the Kentucky Board of Medical Licensure, Plaintiff stated, "Dental opted unusual pushment in retaliation a law suit I

9

filed against medical."

"[A] prisoner who suffers pain needlessly when relief is readily available has a cause of action against those whose deliberate indifference is the cause of his suffering." *Boretti v. Wiscomb*, 930 F.2d 1150, 1154-55 (6th Cir. 1991)). **The Court will allow his Eighth Amendment and retaliation claims related to pain following his tooth extraction to continue against Dawn McKinnly.** The Clerk of Court is **DIRECTED** to add Dawn McKinnly as a Defendant.

*Retaliation*

Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.*

Here, although filing a lawsuit is protected conduct, Plaintiff has not shown that an adverse action was taken against him. Not every action is constitutionally cognizable. *Ingraham v. Wright*, 430 U.S. 651, 674 (1977); *Thaddeus-X v. Blatter*, 175 F.3d at 396. "There is, of course a de minimis level of imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. at 674. The adverse action necessary to state a constitutional violation must be such that it would "'deter a person of ordinary firmness' from the exercise of the right at stake." *Thaddeus-X v. Blatter*, 175 F.3d at 396 (quoting *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982)).

Plaintiff alleges that he has been retaliated against in the form of racist and abusive comments, being put on "feed on paper" status, having his grievances rejected, having his mail delayed for translation, a delay in delivering his meal on one occasion, and denial of pain medication after a tooth extraction. Except for the denial of pain medication, none of these actions is sufficiently adverse as required for a retaliation claim. Therefore, Plaintiff's retaliation claims will be dismissed.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that all of Plaintiff's claims except for his constitutional claim relating to interference with his mail against Defendant Corley James, Officer Smith, and Lt. Lewis and his Eighth Amendment and retaliation claims against Dawn McKinny for failure to give him pain medication after his tooth extraction are **DISMISSED**. The Clerk of Court is **DIRECTED** to terminate all Defendants except Corley James, Officer Smith, Lt. Lewis, and Dawn McKinny.

The Court will enter a separate Order to govern Plaintiff's ongoing claims. In allowing those claims to go forward, the Court passes no judgment on their ultimate merit.

Date:

cc: Plaintiff, *pro se*
　　Defendants
　　General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4412.009