**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**

LEONEL MARTINEZ                                                                               PLAINTIFF

v.                                       CIVIL ACTION NO. 5:13CV-P132-GNS

BRUCE VONDEWIGELO *et al.*                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

      Defendant Dawn McKinney, by counsel, filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (DN 46). Alternatively, if the Court denies the motion to dismiss, Defendant McKinney moves for amendment of the Scheduling Order to extend the scheduling deadlines. Plaintiff Leonel Martinez, *pro se*, filed a response (DN 59),[1] and Defendant filed a reply (DN 63). For the reasons that follow, the motion to dismiss will be denied, and the motion for amendment of the Scheduling Order will be granted.

**I.**

      On initial screening of the complaint and its amendments pursuant to 28 U.S.C. § 1915A, the Court allowed several claims to proceed (DN 24). Specific to Defendant McKinney, the Court allowed Plaintiff's Eighth Amendment and retaliation claims related to pain following his tooth extraction to continue against her. In an amendment to the complaint, Plaintiff alleged that on November 7, 2013, he was forced to endure "excruciating pain" after the dentist pulled his back molar and he was not given anything for pain afterwards (DN 17). To the amendment, he attached a grievance related to this incident. Therein, Plaintiff alleged that he "was unable to eat and sleep for over three days because the dentist pulled my back molar" and that Defendant McKinney told him that she "was going to order some pills for the pain. But they were not. I

---

[1] Plaintiff actually styles this document as a "Motion To Dismiss Defendant Dawn McKinney's Motion." The Court interprets the filing as his response to the motion to dismiss.

feel dental assistant [Defendant McKinney] was unprofessional and opted to use discriminatory treatment based on my race. Nothing was given for pain subjecting me to cruel and unusual punishment and blood loss." Plaintiff also attached a grievance form that he sent to the Kentucky Board of Medical Licensure. In that grievance, Plaintiff stated, "Dental opted unusual punishment in retaliation a law suit I filed against medical civil action No. 5:13cv-p182-R."

## II.

Defendant McKinney filed her motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. With the exception of Defendant McKinney mentioning the retaliation claim in a footnote, the motion focuses solely on the Eighth Amendment claim. The Court, therefore, concludes that Defendant McKinney seeks only to dismiss the Eighth Amendment claim against her, and the Court will not consider the retaliation claim.

In her motion to dismiss, Defendant McKinney argues that Plaintiff fails to allege that she acted with "deliberate indifference" to a "sufficiently serious medical need." Eighth Amendment claims of deliberate indifference to a serious medical need, however, are fact intensive,[2] and the Court has already concluded on initial review pursuant to § 1915A that

---

[2] Defendant McKinney cites to cases in support of her motion to dismiss the Eighth Amendment claim. They are distinguishable in consideration of the instant motion to dismiss. For instance, in *Stanfield v. Thompson*, No. 4:12CV-P54-M, 2013 WL 899423 (W.D. Ky. Mar. 8, 2013), the district court dismissed the plaintiff's Eighth Amendment claim regarding a tooth problem on *summary judgment*, not on a motion to dismiss. Although in *Adkins v. Boyd Cnty.*, No. 13-CV-17-HRW, 2013 WL 5442161, at *2 (E.D. Ky. Sept. 27, 2013), the district court dismissed the action on initial review, the plaintiff in that case "did not allege that he was denied treatment for the tooth for an extended period of time, or that he suffered pain or any other harm resulting from his dental condition." *Id.* at *5. Finally, in *Wright v. Taylor*, 79 F. App'x 829 (6th Cir. 2003), the Court of Appeals concluded that the district court properly dismissed the plaintiff's Eighth Amendment claim alleging a five-week delay in dental treatment for a decaying tooth and a failure to provide him with over-the-counter pain medication at the prison's expense; however, there is no indication of the plaintiff having pain, trouble eating or sleeping, or blood loss.

Plaintiff sufficiently stated an Eighth Amendment claim that could proceed for further development.

Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6). *Moniz v. Cox*, 512 F. App'x 495, 497 (6th Cir. 2013); *Wilder v. Collins*, No. 2:12-cv-0064, 2012 WL 1606035, at *5 (S.D. Ohio May 8, 2012) ("When a complaint is screened under § 1915A, it is subjected to the same scrutiny as if a motion to dismiss for failure to state a claim had been filed under Fed. R. Civ. P. 12(b)(6)."). As another district court has stated:

> [A] motion to dismiss under Rule 12(b)(6) is almost never an appropriate response when the court has already screened a prisoner complaint pursuant to 28 U.S.C. § 1915A(b) and directed the defendant to respond. The standard for dismissal under Rule 12(b) (6) ("failure to state a claim upon which relief can be granted") is identical to the standard under 28 U.S.C. § 1915A(b) ("fail[ure] to state a claim upon which relief may be granted"). After the Court has screened a prisoner complaint pursuant to § 1915A(b), a Rule 12(b)(6) motion to dismiss will be granted only if the defendant can convince the Court that reconsideration is appropriate.

*Moreno v. Beddome*, No. CV 11-2333-PHX-DGC, 2012 WL 3150205, at *2 (D. Ariz. Aug. 2, 2012). Because the Court already has screened the complaint under § 1915A, Defendant McKinney, in effect, is asking this Court to reconsider its decision to allow the claims to continue.

The Federal Rules of Civil Procedure do not contemplate a motion to reconsider. Courts evaluate motions to reconsider under the same standard as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). *Thorpe v. Breathitt Cnty. Bd. of Educ.*, 8 F. Supp. 3d 932, 948 (E.D. Ky. 2014). The standards for reconsideration are necessarily high. The only grounds for a district court to grant a motion to reconsider are: "(1) a clear error of law; (2) newly discovered

3

evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

Here, Defendant McKinney's motion to dismiss does not convince this Court that reconsideration is appropriate, especially in light of the Supreme Court's admonishment that allegations in *pro se* pleadings are to be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Therefore,

**IT IS ORDERED** that Defendant McKinney's motion to dismiss (DN 46) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant McKinney's motion to amend (DN 46) the Scheduling Order to extend the scheduling deadlines is **GRANTED**. The Court will enter a separate Amended Scheduling Order.

Date: September 21, 2015

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Counsel of Record
4416.005