UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

LEONEL MARTINEZ     PLAINTIFF

v.     CIVIL ACTION NO. 5:13-CV-P132-GNS

BRUCE VONDEWIGELO *et al.*     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion to Amend his complaint (DN 73) and Defendants' Response (DN 79). For the reasons set forth below, the Court will deny Plaintiff's Motion to Amend.

### I. LEGAL STANDARD

Under Fed. R. Civ. P. 15(a)(2), after 21days of being served, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *See also Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010). However, a motion for leave to amend may be denied where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of amendment. *Id*. A proposed amendment is futile if the amendment could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Id*. (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted); "accept all

well-pled factual allegations as true[,]" *Id.*, and determine whether the "complaint states a plausible claim for relief[,]" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." *Id.* at 678, 679. Instead, the allegations must "'show [ ] that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). It is against this standard the Court reviews the following facts.

## II. ANALYSIS

In his Motion to Amend, Plaintiff alleges as follows:

> [O]n 05-11-2014 K.S.P. denied to add my brother to my visit list. My brother a Canadian citizen and has no record . . . After I brought this issue to this Court K.S.P. responded on May 5, 2014 . . . I received a letter from K.S.P. Deputy Warden Joel Dunlap . . . stated that my brother have been approved for special visit . . . I received another letter on September 18 . . . stating that my brother was never approved for a special visit. Mr. Dunlap has been unprofessional. He think because I'm Hispanic . . . can treat me like that and get away with . . . they don't treat nobody else like that.

The documents submitted by Plaintiff show that Kentucky State Penitentiary (KSP) did refuse to add Plaintiff's brother to Plaintiff's visitation list because his brother failed to provide a social security number for a background check in accordance with prison policy. However, the records also show that KSP approved his brother for "special visits" of a two-hour duration

during Plaintiff's time in segregation and for a longer duration when he was released to general population on June 13, 2014.

To state a claim under the Eighth Amendment, Plaintiff needs to allege that prison conditions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Visitation with a particular person does not constitute a basic necessity and, therefore, deprivation of that visitation does not violate the Eighth Amendment. *See Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 461 (1989); *Wirsching v. Colorado*, 360 F.3d 1191, 1205 (10th Cir. 2004); *Cooper v. Garcia*, 55 F. Supp. 2d 1090, 1099 (S.D. Cal. 1999) ("[D]enial of family visitation privileges does not constitute cruel and unusual punishment").

In addition, to state a claim under the Equal Protection Clause of the Fourteenth Amendment for discrimination, a plaintiff must adequately plead that the defendant treated the plaintiff "disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). *See also Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cty Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). When disparate treatment is shown, the equal protection analysis is determined by the classification used by government decision-makers. *Id*. *See also Ctr. for Bio-Ethical Reform, Inc.*, 648 F.3d at 379. Here, Plaintiff does not assert that similarly situated, non-Hispanic inmates were allowed to add visitors to their visitation lists who did not submit the required

information for background checks. For this reason, the Court finds that Plaintiff has failed to adequately plead a claim for relief under the Equal Protection Clause.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend (DN 73) is **DENIED**.

Date: December 29, 2015

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Counsel of Record
4416.011