UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

LEONEL MARTINEZ                                                                                   PLAINTIFF

v.                                                                   CIVIL ACTION NO. 5:13-CV-P132-GNS

BRUCE VONDEWIGELO *et al.*                                                            DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a Motion for Summary Judgment (DN 52) by Defendants Smith, Corley, and Lewis, by counsel, and a Cross-Motion for Summary Judgment (DN 69) by Plaintiff, who is proceeding *pro se*. Fully briefed, these matters are ripe for decision.[1, 2] For the following reasons, Defendants' Motion for Summary Judgment will be **GRANTED** and Plaintiff's Cross-Motion for Summary Judgment will be **DENIED** as to Defendants Smith, Corley, and Lewis.

### I. BACKGROUND

Plaintiff is currently imprisoned at Kentucky State Penitentiary (KSP). Plaintiff filed the instant 42 U.S.C. § 1983 action on August 14, 2013, making multiple claims against multiple defendants. During the Court's 28 U.S.C. § 1915A review, all claims were dismissed except Plaintiff's claims against Defendant Dawn McKinney for deliberate indifference to a serious medical need and retaliation and his claims against Defendants Corley, Smith, and Lewis for

---

[1] Defendants Smith, Corley, and Lewis filed their Motion for Summary Judgment on February 6, 2015 (DN 52). Plaintiff never responded but filed a Cross-Motion for Summary Judgment against Defendants Smith, Corley, and Lewis, and against Defendant Dawn McKinney on September 21, 2015 (DN 69). Defendants Smith, Corley, and Lewis responded to the Cross-Motion for Summary Judgment (DN 75, 81). Plaintiff then filed a "Response to Defendants General Denial" (DN 78). The Court is also considering this document in its analysis.

[2] In an Order dated October 20, 2015 (DN 77), the Court denied without prejudice Plaintiff's Motion for Summary Judgment (DN 69) with respect to all claims against Defendant McKinney as premature and allowed for refiling following discovery.

intentionally delaying his mail. Thus, the claim currently before the Court is whether Defendants violated his constitutional rights by refusing to pick up his mail on a few occasions.

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U .S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. It is against this standard the Court reviews the following facts.

### III. ANALYSIS

In their Motion for Summary Judgment, Defendants argue, inter alia, that they are entitled to judgment as a matter of law because Plaintiff has failed to establish facts showing that Defendants' actions regarding their refusal to pick up his mail rises to the level of a constitutional violation. The Court agrees.

Under the First Amendment, prison inmates have a right to freedom of expression which includes the right to send and receive mail. *Hudson v. Palmer*, 468 U.S. 517, 547 (1984). However, a "prisoner's right to receive mail is subject to prison policies and regulations that are 'reasonably related to legitimate penological interests,' such as 'security, good order, or discipline of the institution. . . " *Harbin-Bey v. Rutter*, 420 F.3d 571,578 (6th Cir. 2005)(citations omitted).

In the Affidavit attached to his Cross-Motion for Summary Judgment, Plaintiff states that Defendant Corley refused to pick up his mail on January 3, 2014, and that Defendant Smith refused to pick up his mail on November 27, 2013 (DN 69, Pl.'s Br., p. 5). He also states that when he reported the incident with Defendant Smith to Defendant Lewis, Defendant Lewis simply "laughed and blew it off." In his Affidavit, Plaintiff also implies that someone refused to pick up his mail on two other occasions (DN 69, Pl.'s Br., p. 5).

With regard to Defendant Corley, Defendants contend that although he may have refused to pick up Plaintiff's mail at the specific time Plaintiff desired on January 3, 2014, his mail was nonetheless picked up and delivered by a prison official in accordance with prison policy on that day. Defendants' position is supported by the grievance Plaintiff filed on January 7, 2014 (DN 52, Defs.' Br., Ex. 3). In that grievance, Plaintiff states that although Defendant Corley did not pick up his mail when Plaintiff requested, another prison official picked it up on the 7 a.m.

"round" and took it to the mailroom (DN 52, Defs.' Br., Ex. 3). The pick-up of Plaintiff's mail on this day is further supported by the fact that one of the letters he mailed to the KSP records office on Friday, January 3, 2014, was received by the records office on Tuesday, January 7, 2014 (DN 52, Defs.' Br., Ex. 2).

The same argument holds true with regard to the "two other occasions" Plaintiff alleges that an unnamed officer refused to pick up his mail. Plaintiff's own Affidavit states that prison officials picked up his mail on those occasions (DN 69, Pl.'s Br., p. 5).

This leaves the Court with Plaintiff's averment that Defendant Smith refused to pick up his mail on November 27, 2013 (DN 69, Pl.'s Br., p. 5). The Court cannot hold that Defendant Smith's refusal to pick up Plaintiff's mail on one occasion rises to the level of a constitutional violation. See, e.g., *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) (holding that a "random and isolated incident [of mail interference] is insufficient to establish a constitutional violation.")

Finally, the Court holds that Defendant Lewis, who was Defendant Smith's supervisor at the time of the mail incident, cannot be held liable for a constitutional violation either. Although Plaintiff Defendant Lewis "laughed and blew it off" when Plaintiff reported Defendant Smith's actions to him, supervisors cannot be held liable for their employees' misconduct under 42 U.S.C. § 1983. *See, e.g.*, *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996) ("Simple awareness of employees' misconduct does not lead to supervisor liability."); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)) (holding that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'").

Thus, the Court holds that Defendants have met their burden by showing that there is no genuine issue of fact remaining for trial and that they are entitled to judgment as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (DN 52) is **GRANTED** and Plaintiff's Cross-Motion for Summary Judgment against Defendants Smith, Corley, and Lewis (DN 69) is **DENIED**.

Date: December 29, 2015

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Counsel of Record
4416.011