UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

LEONEL MARTINEZ                                                                                      PLAINTIFF

v.                                                          CIVIL ACTION NO. 5:13-CV-P132-GNS

BRUCE VONDEWIGELO *et al.*                                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by Plaintiff styled as an "appeal of denial of Motion DN 58" (DN 98). However, because the Court never issued a ruling regarding DN 58 in this action, and because Plaintiff makes arguments related to the Court's denial of his second motion to alter/amend the complaint (DN 73), the Court will construe the filing as a motion to reconsider that Memorandum Opinion and Order (DN 91).

The Court may reconsider interlocutory orders under either Federal Rule of Civil Procedure 54(b) or its inherent, common law authority to control the administration of the case before it. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991); *see also Simmerman v. Ace Bayou Corp.*, 304 F.R.D. 516, 518 (E.D. Ky. 2015). Reconsideration of an interlocutory order is appropriate where "there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez*, 89 F. App'x at 959) (internal quotation marks omitted). The standard vests the Court with "significant discretion." *Rodriguez*, 89 F. App'x at 959 n.7.

In Plaintiff's second motion to alter/amend his complaint, he alleged that his brother was not added to Plaintiff's "visit list" because Plaintiff is Hispanic. The Court denied Plaintiff's motion to amend because it failed to state a claim upon which relief could be granted. In the motion to reconsider now before the Court, Plaintiff argues as follows:

> KSP have request United States social security number from my brother who is a Canadian citizen and don't live in the United States. Every day is million of people travel around the world and the background check is done thru FBI Numbers. KSP is not willing to follow policy and procedures or Kentucky and Federal Laws. For the record KSP have no request FBI number from my brother according with United States International Policy. KSP has failed to follow Federal Laws. International Policys. Please grant this appeal.

In his motion to reconsider, Plaintiff identifies no change in controlling law and no new evidence, but rather argues that the Court erred in its earlier opinion. The Court has reviewed its original opinion in light of any new or better arguments Plaintiff has made.

The Court stands by its original decision for the reasons set forth therein.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion to reconsider (DN 98) is **DENIED**.

Date: May 2, 2016

Greg N. Stivers, Judge
United States District Court

cc:   Plaintiff, *pro se*
      Counsel of Record
4416.011