UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

LEONEL MARTINEZ                                                                               PLAINTIFF

v.                                                            CIVIL ACTION NO. 5:13-CV-P132-GNS

BRUCE VONDEWIGELO *et al.*                                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon five different discovery motions filed by Plaintiff which appear related to the remaining claims in the instant 42 U.S.C. § 1983 action. These motions include Plaintiff's "motion of records from Dawn McKinney's job history" (DN 84); Plaintiff's motion for medical and dental records (DN 94); Plaintiff's motion to obtain nurses' names (DN 95); Plaintiff's motion to obtain video (DN 96); and Plaintiff's motion to obtain pharmacy records (DN 99).

Significantly, the only discovery motion now before the Court which Plaintiff filed before discovery closed is his "motion of records from Dawn McKinney Job History" (DN 84). This is also the only motion to which Defendant McKinney appears to have responded (DN 106, Attach. 2, Exh. B). In this motion, Plaintiff requests Defendant's "job records, previous lawsuits, any grievances filed against [Defendant McKinney], and any complaint filed against [Defendant McKinney] from previous lawsuits." In her response to this motion, Defendant McKinney states that she construes the term "job records" to mean a history of the businesses for which she has worked as a certified dental assistant and includes a written history of such. However, Defendant McKinney also objects to Plaintiff's request for Defendant McKinney's "job records" as being vague and overbroad, because it does not include any temporal or other limitations, and because it fails to seek information reasonably calculated to lead to the discovery of admissible

evidence. Defendant McKinney further states that none of the additional records which Plaintiff seeks by this motion exist, including records of previous lawsuits, grievances, or complaints against Defendant McKinney. Because Defendant McKinney has provided the information requested in Plaintiff's motion for records in her response or certified that no such records exist, and the Court agreeing with Defendant's objections, the Court will deny Plaintiff's "motion of records from Dawn McKinney's Job History" (DN 84).

The four other motions now before the Court - which are Plaintiff's motion for medical and dental records (DN 94); Plaintiff's motion to obtain nurses' names (DN 95); Plaintiff's motion to obtain video (DN 96); and Plaintiff's motion to obtain pharmacy records (DN 99) – were all filed after discovery closed. In its amended Scheduling Order (DN 68), the Court directed the parties as follows:

> The parties shall complete all pretrial discovery herein no later than **December 21, 2015**. As a requirement of discovery, Defendant McKinney's counsel shall produce to Plaintiff all records or documentation relevant to the claims that have continued. **Counsel shall certify that the production is complete and shall file the certification with the Court**. Within the same time, Plaintiff shall provide counsel for Defendant McKinney any records or documentation relevant to his remaining claims. **Plaintiff shall certify that production is complete and shall file the certification with the Court**.

This Order further provided that all dispositive motions were due by February 19, 2016. The Order then stated that "[i]f any party wishes additional time to complete any of the actions directed above, *a motion requesting any such extension must be filed with the Court before any such deadline expires.* Any such motion to extend any time should indicate the reasons for extension. *The Court will not grant an extension unless good cause is shown.*" (emphasis added).

On December 21, 2015, Defendant McKinney's counsel certified that discovery was complete (DN 87). On December 28, 2015, Plaintiff filed a document titled "Certificate of

Service" (DN 89) which states that Plaintiff had provided certain documents to Defendant McKinney's counsel. The Court construed this document as Plaintiff's certification that his production of discoverable materials was complete.

Plaintiff has not complied with the Court's amended Scheduling Order by moving to extend discovery before the deadline passed, or even argued that there is good cause for doing so. In addition, in these four motions, Plaintiff actually appears to be moving the Court to issue subpoenas for the records described because he has attached a subpoena to each motion (although the subpoenas are addressed to himself and do not identify the entity or individual he seeks the records from). However, there is no evidence in the record that Plaintiff ever requested and was denied this information from any Defendant during the discovery period or that he filed a motion to compel related to such records. The Court also takes notice of the fact that Plaintiff has filed numerous exhibits throughout this action, which have included his medical and other relevant records. Thus, for all of these reasons, and because a motion for summary judgment is already pending, the Court will deny these four discovery motions. *See, e.g.*, *Chepak v. New York City Health & Hosps. Corp.*, 2016 U.S. App. LEXIS 4850 (2d Cir. Mar. 17, 2016) (holding that district court did not abuse its discretion by denying *pro se* plaintiff's request to subpoena an individual because request was made months after discovery had closed and after a summary judgment motion was fully briefed); *Jackson v. Fed. Express*, 766 F.3d 189, 198 (2d Cir. 2014) (ruling denial of motion to reopen discovery was not an abuse of discretion because the litigant had seven months to conduct discovery and a "fully briefed motion for summary judgment was pending when the request was made"); *Strayhorn v. Caruso*, No. 11-15216, 2015 U.S. Dist. LEXIS 1009, at *2-3 (E.D. Mich. Jan. 6, 2015) (quashing an untimely subpoena filed by plaintiff noting that under Fed. R. Civ. P. 45(c)(3)(A)(1), a court must quash or modify a subpoena that

"fails to allow a reasonable time to comply"); *Thomas v. Northern*, No. 1:07-CV-114 CAS, 2008 U.S. Dist. LEXIS 45108 (E.D. Mo. June 9, 2008) (denying *pro se* plaintiff's motion to "issue a Discovery Order by Subpoena Dues Tecum" because discovery was closed, the court had already extended the discovery deadline once, and a motion for summary judgment was pending).

      Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's "motion of records from Dawn McKinney Job History" (DN 84); Plaintiff's motion for medical and dental records (DN 94); Plaintiff's motion to obtain nurses' names (DN 95); Plaintiff's motion to obtain video (DN 96); and Plaintiff's motion to obtain pharmacy records (DN 99) are **DENIED.**

Date: May 2, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc:    Plaintiff, *pro se*
        Counsel of Record
4416.011