UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

LEONEL MARTINEZ                                                                 PLAINTIFF

v.                                              CIVIL ACTION NO. 5:13-CV-P132-GNS

BRUCE VONDEWIGELO *et al.*                                              DEFENDANTS

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court upon several motions filed by Plaintiff which appear

unrelated to the remaining claims in the instant 42 U.S.C. § 1983 action.  These motions include

Plaintiff's motion to obtain records (DN 100); Plaintiff's motion to request videos under seal

(DN 101); Plaintiff's motion of emergency to obtain DNA (DN 102); Plaintiff's motion to have

Kentucky State Penitentiary (KSP) officials wear cameras (DN 103); Plaintiff's motion for KSP

to use cameras in all cell searches (DN 109); Plaintiff's motion to amend without notice (DN

110); and Plaintiff's motion for summary judgment against KSP officials Randy White and

Bruce Vondewigelo (DN 111).  For the reasons set forth below, each of these motions will be

denied.

## I.  PROCEDURAL HISTORY

Plaintiff, who is proceeding *in forma pauperis*, filed his *pro se* complaint in the instant

action over two years ago, making multiple claims against multiple defendants in relation to his

confinement at KSP.  During the Court's 28 U.S.C. § 1915A review, all claims were dismissed

except Plaintiff's claims against Defendant Dawn McKinney for deliberate indifference to a

serious medical need and retaliation and his claims against Defendants Corley, Smith, and Lewis

for intentionally delaying his mail.  On September 22, 2015, the Court entered an amended

scheduling order (DN 68) in which it ordered that discovery should be complete by December

21, 2015, and all dispositive motions filed by February 19, 2016.  On December 30, 2015, the

Court entered a Memorandum Opinion and Order granting Defendants Corley, Smith, and

Lewis's motion for summary judgment (DN 92).  Thus, the only claims remaining before the

Court are Plaintiff's claims against Defendant McKinney for deliberate indifference to a serious

medical need and retaliation.  Defendant McKinney filed a motion for summary judgment

(DN 104) regarding these claims on February 19, 2016.

## II. MOTIONS BEFORE THE COURT

### A.  MOTION TO OBTAIN RECORDS (DN 100)

In this motion, Plaintiff request records from the Eddyville, Kentucky, postal service

which will show that "KSP had illegal prohibited me from receiving my mail."  Because these

records are irrelevant to Plaintiff's only remaining claims against Defendant McKinney, the

Court will deny this motion.

### B.  MOTION TO REQUEST VIDEOS UNDER SEAL (DN 101)

In this motion, Plaintiff requests to view under seal a copy of surveillance video from

January 18, 2016, which he alleges will show that KSP officials entered his cell for

approximately 30 minutes on this date and "threw legal paper on the floor in the toilet" and "tore

up legal documents . . . [and] pictures of my kids."  Because the contents of this video would

also be irrelevant to Plaintiff's only remaining claims against Defendant McKinney, the Court

will deny this motion.

### C.  MOTION OF EMERGENCY TO OBTAIN DNA (DN 102)

In this motion, Plaintiff alleges that KSP officials planted a knife in his cell.  He requests

that they "test the knife for DNA" and put the accused KSP officials "thru a lie detector detest."

Because these requests are also unrelated to Plaintiff's only remaining claims against Defendant McKinney, the Court will deny this motion.

### D.  MOTION TO HAVE KSP OFFICIALS WEAR CAMERAS (DNs 103 and 109)

In relation to the allegations set forth in the two aforementioned motions, Plaintiff requests that the Court require KSP officials to wear cameras when they enter his cell and all inmates' cells to conduct searches.  Because this motion pertains to allegations unrelated to Plaintiff's only remaining claims against Defendant McKinney, the Court will deny these motions.

### E.  MOTION TO AMEND WITHOUT NOTICE (DN 110)

In this motion, which the Court actually construes as motion for leave to supplement his complaint under Federal Rule of Civil Procedure 15(d), Plaintiff alleges that KSP officials have retaliated against him by "charging" him for having his blood pressure checked, destroying legal materials and photos of his children, and lying "saying that they had found a weapon making criminal action."  In relation to these allegations, Plaintiff asks the Court to add four additional KSP officials as defendants to this action.

The Sixth Circuit has recognized that the Court has a responsibility to construe *pro se* complaints liberally and to take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds.  *Friedmann v. Campbell*, 202 F.3d 268 (6th Cir. 1999).  The Sixth Circuit has also held that where the district court grants summary judgment in the face of a pending motion to amend without first considering the motion, it is an abuse of discretion treated as an appealable order.  *Ellison v. Ford Motor Co.*, 847 F.2d 297, 298 (6th Cir. 1988); *Marks v. Shell Oil Co.*, 830 F.2d 68 (6th Cir. 1987). However, the decision as to whether justice requires the amendment is committed to the district court's

sound discretion.  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Permission to file supplemental pleadings under Rule 15(d) may be granted "when the supplemental facts connect it to the original pleading."  *See Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995); *see also Corum v. Beth Israel Med. Ctr*, 359 F. Supp. 909, 914 (S.D.N.Y. 1973) (noting that supplementing pleadings with transactions and occurrences since the date of the original proceedings complied with Rule 15(d) and may support policy considerations such as judicial economy).  Rule 15(d) "permits a party to move to serve a supplemental pleading and the district court may grant such a motion, in the exercise of its discretion, upon reasonable notice and upon such terms as may be just." *Quaratino*, 71 F.3d at 66.  Courts determining whether to grant a motion to supplement pleadings based on Rule 15(d) should contemplate prejudice to the opposing party and, in their discretion, grant "supplementation [where it] will promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other party." *Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989) (referencing *LaSalvia v. United Dairymen*, 804 F.2d 1113, 1119 (9th Cir. 1986), C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1504 542-43 (1971)); *see also Cage v. Harry*, No. 09-512, 2010 U.S. Dist. LEXIS 29146, at *17-18  (W.D. Mich. Mar. 26, 2010) ("The purpose of supplemental pleadings under Rule 15(d) is to allow a plaintiff to update his complaint to add allegations of later events relating to his original complaint. . . . The rule does not, however, allow a plaintiff to add new claims relating to new events . . . involving not the original defendants but a whole new cast of characters. . . . It does not allow daisy-chaining of unrelated events into a single lawsuit.").

Here, the Court notes that Plaintiff has already been allowed to amend his complaint once as a matter of course (DN 13) and has filed two additional motions to amend which have been denied or terminated by the Court for various reasons (DNs 66 & 91).  The Court also notes that the allegations Plaintiff sets forth in this motion appear completely unrelated to the remaining claims in this action.  The Court further notes that the one remaining Defendant has already filed her motion for summary judgment.  Thus, the Court finds that allowing further amendment would cause undue delay, require additional and unnecessary discovery, and would be prejudicial to the one remaining Defendant at this late stage in the proceedings.  As such, the Court will deny Plaintiff's motion to amend/supplement his complaint.  *See, e.g.*, *Libretti v. Woodson*, 600 F. App'x 367, 374 (6th Cir. 2015) (holding that where a dispositive motion was pending and plaintiff had repeatedly attempted to make futile amendments, the district court did not abuse its discretion in denying leave); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (affirming the district court's denial of leave to amend because otherwise allowing it "would create significant prejudice to the defendants in having to reopen discovery and prepare a defense for a claim quite different from the [original claim].")

In so holding, however, the Court notes that Plaintiff may file another 42 U.S.C. § 1983 action in this Court regarding these allegations.[1]

### F.  MOTION FOR SUMMARY JUDGMENT AGAINST KSP OFFICIALS (DN 111)

In this motion, Plaintiff requests summary judgment against KSP officials Randy White and Bruce Vondewigelo for "allowing officer to break Kentucky and Federal laws making false

---

[1] The Court also notes that Plaintiff has filed three other 42 U.S.C. § 1983 actions in the Court against KSP officials – two of which are still pending.  *Martinez v. KSP Grievance Coordinator*, Civil Action No. 5:15-CV-212-TBR) (claims of race discrimination by KSP medical staff and KSP Grievance Coordinator); *Martinez v. Hiland*, Civil Action No. 5:13-CV-00182-GNS (claims of denial of medical treatment for back and ear conditions, retaliation, and race discrimination by KSP officials); *Martinez v. White*, Civil Action No. 5:13-CV-00053-GNS (alleging equal protection violation against KSP officials regarding denial of prison employment and lack of Spanish books and retaliation for filing prior lawsuits).

serious criminal accusation promoting treatment" and "play dirty games."  He attaches to this motion documents related to the allegations set forth in his motion to amend.  However, because all claims against these two individuals have been dismissed and they have been terminated as parties to this action, the Court will deny this motion for summary judgment.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's  motion to obtain records (DN 100), Plaintiff's motion to request videos under seal (DN 101), Plaintiff's motion of emergency to obtain DNA (DN 102), Plaintiff's motion to have KSP officials wear cameras (DN 103), Plaintiff's motion for KSP to use cameras in all cell searches (DN 109), Plaintiff's motion to amend without notice (DN 110); and Plaintiff's motion for summary judgment against KSP officials Randy White and Bruce Vondewigelo (DN 111) are **DENIED**.

However, the Court **DIRECTS** the Clerk of Court to send Plaintiff a 42 U.S.C. § 1983 packet should he want to file  an action regarding any new allegations set forth in his motion to amend or other motions considered in this opinion.

Date:   May 2, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc:      Plaintiff, *pro se*
          Counsel of Record
4416.011