UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

LEONEL MARTINEZ                                                                                     PLAINTIFF

v.                                                           CIVIL ACTION NO. 5:13-CV-P132-GNS

BRUCE VONDEWIGELO *et al.*                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant Dawn McKinney's motion for summary judgment (DN 104); Plaintiff's "motion to provide evidence defendant committed perjury" (DN 112); and Plaintiff's motion for leave to file an amended complaint (DN 119). Fully briefed, these matters are ripe for decision. For the following reasons, Defendant McKinney's motion for summary judgment will be granted; Plaintiff's motion to provide evidence will be granted in part and denied in part; and Plaintiff's motion for leave to file an amended complaint will be denied as moot.

### I. PROCEDURAL HISTORY

Plaintiff is currently imprisoned at Kentucky State Penitentiary (KSP). Plaintiff filed the instant 42 U.S.C. § 1983 action on August 14, 2013, making multiple claims against multiple defendants. During the Court's 28 U.S.C. § 1915A review, all claims were dismissed except Plaintiff's claims against Defendant McKinney for deliberate indifference to a serious medical need and retaliation and his claims against Defendants Corley, Smith, and Lewis for intentionally delaying his mail. On December 30, 2015, the Court entered a Memorandum Opinion and Order granting Defendants Corley, Smith, and Lewis's motion for summary judgment (DN 92). Thus, the only claims that remain before the Court are Plaintiff's claims against Defendant McKinney, a former dental assistant at KSP.

On February 9, 2016, Defendant McKinney filed the motion for summary judgment (DN 104) now before the Court. On March 28, 2016, Plaintiff filed a "motion to provide evidence defendant committed perjury" (DN 112). On May 3, 2016, the Court entered an Order (DN 118) directing Plaintiff to file any further response to Defendant McKinney's motion for summary judgment within 21 days. On May 18, 2016, Plaintiff filed the motion for leave to amend the complaint (DN 119) that is also now before the Court. Although neither of the final two motions that Plaintiff filed where characterized by Plaintiff as responses to Defendant McKinney's motion for summary judgment, they both contain several arguments and evidence against that motion, and the Court will consider the merit of these in its analysis of Defendant McKinney's motion for summary judgment. The Court will then separately consider the merit of each of Plaintiff's motions apart from the motion for summary judgment.

## II. DEFENDANT MCKINNEY'S MOTION FOR SUMMARY JUDGMENT

### A. LEGAL STANDARD

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The evidence of the non-moving party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be

drawn in favor of the opposing party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Nevertheless, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Id.* at 586. Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. It is against this standard that the Court reviews the following facts.

## B. FACTS

On November 7, 2013, Plaintiff had a tooth extracted. Plaintiff's medical records show that a dentist, who is not a defendant in this lawsuit, used a local anesthesia to numb the area of the extraction. These records also show that minutes after Plaintiff's tooth was pulled, the dentist issued a three-day prescription for ibuprofen to control the pain. Plaintiff, however, contends that he never received the ibuprofen or any pain medication following this dental procedure. As evidence, he has submitted a medical record that shows that approximately 45 minutes after the dentist issued that prescription, he canceled it, and cited as the reason "renew."

During his deposition, Plaintiff testified that before he left medical, he specifically told Defendant McKinney that he was "going to the hole" and that "[he] was told by [Defendant] McKinney that she was going to order some pills for the pain, but they were not." He then testified that the extraction caused his gums to bleed and that, as a result of his failure to receive any medication, he was "forced to suffer excruciating pain" and unable to eat or sleep for three

days. Plaintiff did testify, however, that he was able to drink juice during this three-day period and could eat solid food by the fourth day.[1]

In Defendant McKinney's affidavit, she emphasizes that, as a dental assistant, she did not perform direct dental treatment of patients or prescribe medications. She states that her duties as a dental assistant at KSP entailed such activities as preparing patients for treatments, sterilizing instruments, and passing instruments to the dentist. She also states that, in cases involving tooth extractions, she would typically provide inmates with extra gauze for the extraction and inform them how long it would be before they could eat. She specifically avers in her affidavit that she had no involvement or knowledge in the cancellation of any inmate's prescribed medication.

## C. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

---

[1] Defendant McKinney has also submitted documentation showing that the prison investigation of Plaintiff's grievance regarding his failure to receive medication concluded that, based upon records from a prison computer system, he actually received 800 mg of ibuprofen on two of the three days at issue (DN 106, Ex. 5, p. 10 "Final Administrative Review"). Although this document states that Plaintiff received medication on November 8 and November 9, 2014, the year is most likely a typo since the document is dated January 30, 2014. In any event, Plaintiff denies that he received any medication during this three-day period and this fact is therefore in dispute. However, this fact is not material to the Court's analysis.

4

### 1. Eighth Amendment Claim

The Eighth Amendment protects prisoners from the "unnecessary and wanton infliction of pain." U.S. Const. amend. VIII. An Eighth Amendment claim requires a plaintiff to prove two distinct components - one objective and one subjective. First, the alleged deprivation must be, objectively, "sufficiently serious," *i.e.*, the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1970) (citations and internal quotation marks omitted). Second, the official must have been "deliberately indifferent" to the inmate's health or safety. *Id.*

#### a. Serious Medical Need

It is well established that pain can be a "sufficiently serious" medical need for purposes of a deliberate indifference claim. *See Boretti v. Wiscomb*, 930 F.2d 1150, 1154-55 (6th Cir. 1991) (recognizing that "a prisoner who suffers pain needlessly when relief is readily available has a cause of action against those whose deliberate indifference is the cause of his suffering"); *Ralston v. McGovern*, 167 F.3d 1160, 1162 (7th Cir. 1999) (reversing grant of summary judgment to prison guard who failed to provide pain medication to inmate); *Logan v. Clarke*, 119 F.3d 647, 649 (8th Cir. 1997) (finding that "substantial back pain" was a serious medical need).

In addition, in *McCarthy v. Place*, the Sixth Circuit recognized as follows:

> Dental needs have been recognized as falling into the category of "serious medical needs" inasmuch as courts have observed that "[d]ental care is one of the most important needs of inmates." *Ramos v. Lamm*, 639 F.2d 559, 576 (10th Cir. 1980). Nevertheless, not all dental problems constitute serious medical needs. Rather, "[a] cognizable claim regarding inadequate dental care, like one involving medical care, can be based on various factors, such as the pain suffered by the plaintiff, the deterioration of the teeth due to a lack of treatment, or the inability to engage in normal activities." *Chance v. Armstrong,* 143 F.3d 698, 703 (2d Cir. 1998).

313 F. App'x 810, 124 (6th Cir. 2008). S*ee also Berryman v. Epp*, 73 3d. 361 (6th Cir. 1995) (swelling and severe tooth pain for a two-month period does not constitute a serious medical need).

However, for purposes of this Memorandum, the Court need not determine whether Plaintiff was suffering from a serious medical need during the three days he allegedly failed to receive any pain medication following his tooth extraction because it holds that Plaintiff cannot show that Defendant McKinney was deliberately indifferent to this medical need.

### b. Deliberate Indifference

The second and subjective component of the *Farmer* test is met "where a plaintiff demonstrates that prison officials acted with 'deliberate indifference' to a serious medical need," which "is the equivalent of 'recklessly disregarding that risk.'" *McCarthy v. Place*, 313 F. App'x 810, 814 (6th Cir. 2008) (quoting *Farmer*, 511 U.S. at 836). In other words, "[s]atisfying the objective component ensures that the alleged deprivation is sufficiently severe, while satisfying the subjective component 'ensures that the defendant prison official acted with a sufficiently culpable state of mind.'" *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013) (quoting *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003)).

Here, Plaintiff has presented no evidence which shows that Defendant McKinney was involved in or even knew that his three-day prescription for ibuprofen had been cancelled. Rather, the medical records submitted by Defendant McKinney show that Plaintiff received a local anesthetic prior to his tooth extraction. The records then show that it was the dentist who both prescribed and subsequently cancelled that prescription. In addition, Plaintiff has failed to present evidence that he complained to Defendant McKinney during this three-day period that he was not receiving the pain medication he needed following his tooth extraction. Thus, there is no

evidence that Defendant McKinney knew about and then ignored Plaintiff's alleged failure to receive pain medication.

In addition, the Court can find no case where the failure to provide an inmate pain medication over a three-day period constituted deliberate indifference to a serious medical need. To the contrary, courts have concluded that inmates who have gone much longer periods without receiving pain medication for a serious medical need have failed to establish deliberate indifference. For example, in *Loukas v. Gundy*, the Court held that plaintiff had failed to establish a constitutional violation where he suffered with a fractured bone for 23 days before he received any pain medication. 70 F. App'x 245 (6th Cir. 2003). In addition, in *Warman v. Funk*, the Seventh Circuit held that a ten-day delay in filling a pain medication prescription did not establish deliberate indifference. 119 F. App'x 789, 791 (7th Cir. 2004).

For these reasons, the Court concludes that Defendant McKinney is entitled to summary judgment on Plaintiff's claim of deliberate indifference to a serious medical need.

## 2. First Amendment Claim

Plaintiff's second claim against Defendant McKinney is that when she "refused" to provide him pain medication, she was retaliating against him for filing a different lawsuit against other KSP officials in October 2013.

"A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two -- that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). The plaintiff has the burden of proof regarding all three elements. *See, e.g.,*

*Murray v. Evert*, 84 F. App'x 553, 556 (6th Cir. 2003); *Green v. Tudor*, 685 F. Supp. 2d 678, 692 (W.D. Mich. 2010). Moreover, the plaintiff must prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). If the plaintiff makes such a showing, the defendants may still avoid liability by showing "that [they] would have taken the same action in the absence of the protected activity." *Whiteside v. Parrish*, 387 F. App'x 608, 612 (6th Cir. 2010) (quoting *Thaddeus-X*, 175 F.3d at 399); *Jones v. Smolinski*, No. 1:09-CV-633, 2010 U.S. Dist. LEXIS 143638 (W.D. Mich. Aug. 31, 2010).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (indicating that, without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive).

Here, the Court agrees that Plaintiff was engaged in protected conduct when he filed a civil rights action against prison officials. However, as set forth above, Plaintiff has failed to show that Defendant McKinney actually took an adverse action against him. In addition, even if Plaintiff had established this element, he has failed to present any evidence that there is a causal

8

relationship between his failure to receive a three-day supply of pain medication and his filing of a lawsuit against other KSP officials. Indeed, in his deposition, Plaintiff simply states that is his "belief" that the two are related. Plaintiff has also failed to provide any evidence that Defendant McKinney even knew of his prior lawsuit.

Accordingly, the Court concludes that Defendant McKinney is also entitled to summary judgment on Plaintiff's claim of retaliation.

### III. PLAINTIFF'S MOTION TO PROVIDE EVIDENCE DEFENDANT COMMITTED PERJURY

In this motion, Plaintiff seeks to "provide evidence the defendant lied committed perjury to obtain for this Court to grant motion for summary judgment." Plaintiff explains that he believes that there are two pieces of evidence which show that the "defendant" committed perjury. Plaintiff begins by citing to Defendant McKinney's brief which states that "minutes after [Plaintiff]'s tooth was pulled, the dentist – who is not a party to this action – issued a [three]-day prescription for ibuprofen to control the pain." The first piece of evidence that Plaintiff then submits is a copy of the medical record which shows that the dentist cancelled his three-day prescription for ibuprofen approximately 45 minutes after he first prescribed it. The second piece of evidence that Plaintiff submits in support of his motion is the "Final Administrative Review" of Plaintiff's grievance which concluded that Plaintiff had received medication on two of three days for which it had originally been prescribed.

However, it is well-settled in Kentucky that "a witness who offers testimony, even if perjured, cannot be liable in a civil action for that testimony, as testimony in a judicial proceeding is privileged as a matter of public policy." *Heavrin v. Boeing Capital Corp.*, 246 F. Supp. 2d 728, 733 (W.D. Ky. 2003), *aff'd sub nom. Heavrin v. Nelson*, 384 F.3d 199 (6th Cir. 2004) (citing *Briscoe v. LaHue*, 460 U.S. 325, 330 (1983) (holding that the judicial privilege bars

a private cause of action under 42 U.S.C. § 1983 for perjured testimony of a police officer in court); *Bryant v. Kentucky*, 490 F.2d 1273, 1274 (6th Cir. 1974) (holding that a witness before a grand jury who provides false testimony is liable for a criminal action in perjury, but not for any civil action such as malicious prosecution since testimony in a judicial proceeding is privileged as a matter of public policy); *Lawson v.Hensley*, 712 S.W.2d 369, 370 (observing that the law in Kentucky is the same as the general rule that a civil action for damages will not lie for perjury)); *see Butts v. Deibler*, No. 4:12-CV-00114-JHM, 2013 U.S. Dist. LEXIS 94430 (W.D. Ky. July 8, 2013); *McClarty v. Bickel*, 159 S.W. 783,784 (Ky. 1913) (noting that no civil action for perjury or false swearing will lie against a witness who gave false testimony "because it is a well-settled rule in practically all jurisdictions that the testimony of a witness given in the course of a judicial proceeding is privileged and will not support a cause of action against him"); *Smith v. Hodges*, 199 S.W.3d 185, 192 (Ky. Ct. App. 2005) (ruling no civil action will lie against a witness for perjury or false swearing under the judicial proceedings privilege).

Plaintiff also cites to the Kentucky Supreme Court Rule which provides that "A lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal; (2) fail to disclose a material fact to the tribunal when disclosure is necessary to avoid a fraud being perpetrated upon the tribunal; and (3) offer evidence the lawyer knows to be false." Rule 3.3(a).[2] His argument in this regard seems premised on his belief that the brief filed in support of Defendant McKinney's motion for summary contained untrue statements.

However, the Kentucky Rules of Professional Conduct provide as follows:

> Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached. In addition, violation of a Rule does not necessarily warrant any other nondisciplinary remedy, such as disqualification of a lawyer in pending litigation. The Rules are designed to provide guidance to lawyers and to provide a structure

---

[2] Plaintiff actually cites to this rule as "Supreme Court rule 3-160(3)."

for regulating conduct through disciplinary agencies. *They are not designed to be a basis for civil liability*.

Rule 3.3130 (XXI) (emphasis added).

For these reasons, Plaintiff's motion to provide evidence that Defendant McKinney committed perjury will be granted to the extent that the Court has considered the evidence provided in its analysis of Defendant McKinney's motion for summary judgment but denied as to its merits.

### IV. PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

In Plaintiff's final motion, he seeks to file an amended complaint to "add evidence." However, the Court has already stated that it will consider the evidence that Plaintiff to seeks to add – the medical record which shows that the dentist cancelled his three-day prescription for pain medication approximately 45 minutes after he first prescribed it.

The remainder of Plaintiff's motion is essentially a response to Defendant McKinney's motion for summary judgment. As stated above, the Court fully considered the arguments set forth in this motion in its analysis of the motion for summary judgment.

For this reason, Plaintiff's motion for leave to file an amended complaint will be denied as moot.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant McKinney's motion for summary judgment (DN 104) is **GRANTED**; Plaintiff's "motion to produce evidence defendant committed perjury" (DN 112) is **GRANTED in part and DENIED in part**; and Plaintiff's motion for leave to file an amended complaint (DN 119) is **DENIED as moot**.

Date: June 30, 2016

Greg N. Stivers, Judge
United States District Court

cc: Plaintiff, pro se
    Counsel
4416.011